UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESUS SANCHEZ-LEDESMA, #62773-298,
        Petitioner,



v.                              CIVIL ACTION NO. 3:24-cv-00604-CWR-LGI

WARDEN WINGFIELD, FCI YAZOO CITY LOW I,
        Respondent,

RESPONSE TO RESPONDENT'S REPLY

      This is Mr. Sanchez's official response to the Respondent's reply. His command of the English language is minimal. His command of the legal realities of documents presented by the Bureau even less. Therefore any document by the Respondent indicating Mr. Sanchez's withdrawal of this habeas is overstated. For the following reasons:

1. 12-18-2024. Mr. Sanchez was informed by his Unit Team that the BOP had determined he does not have a final order of removal. This information was readily present on his sentencing monitoring and data sheet. However, the Respondent's history of manipulating eligibility in violation of 18 U.S.C. §3632(f) is systemic through out the BOP. But as a result of this Court's scrutiny—the Respondent relented.

2. 12-31-2024. BOP.gov updated Mr. Sanchez's FSA adjusted release date from 2-22-2026 to 2-22-2025. (54 days from 12-31-2024).

3. 1-2-1025. Mr. Sanchez was informed that his FSA Time Credits had been calculated and, as can be seen in Attachment 1, his "Conditional Transition to Community Date" is noted as <u>8-22-2023</u> (16 months ago) (at pg. 4). Additionally, he has 550 FSA credits towards home confinement or RRC (at pg. 1) per 3624(g)(2)(A). He is now well beyond his mandatory transfer to pre-release custody. (See Attachment 2).

4. 1-6-2025. Mr. Sanchez is informed he will not be released until 2-22-2025 (47 days) because "there is not enough time to submit him to halfway house." This is an unnecessary excuse.

    (a)  Mr. Sanchez has a home and a family to which he can return.

    (b)  Transfer to prerelease custody is mandatory. See <u>Doe v. Fed. Bureau of Prisons</u>, 2024 WL 455309 at *1-4 (S.D. NY Feb. 5, 2024) ("Transfer to prerelease custody required."); <u>Ramirez v. Phillips</u>, 2023 WL 8878993 at *4 (F.D. Cal. Dec. 22, 2023) (same); <u>Woodley v. Warden</u>, 5:24-cv-3053-JWL (D. Kan. May 15, 2024) ("Transfer required despite bedspace.") (collecting cases).

5. The Bureau has an obligation to follow the law. While Mr. Sanchez disagrees with the Bureau's calculation—even their current version put him in mandatory prerelease transfer status 16 months ago. And now they are saying he can't leave for 47 more days. How is this not a violation of law? The excuse—"There isn't enough time to get halfway house organized." This is absurd. (1) Transfer is required when the time remaining and credits are in parity—including all other benefits (i.e., SCA). That date has come and gone—even by the Bureau's math. (2) He has a home—halfway house is not necessary. (3) If the Court ordered his release by 4 pm today, the Bureau would have him off the property by 3:59 pm.

Mr. Sanchez fears the Bureau will reverse its position. The Respondent has scheduled prisoners for release and then denied them release at the front door. They do this by creating an "Administrative Final Notice of Removal". [If] Mr. Sanchez is to go before an INS judge for a removal hearing—they can find him at his established home in the United States. This hearing requires he be given proper notice and not some eleventh hour mystery order that allows the Bureau to withdraw the credits he has rightfully earned and hold him a year more. The Respondent has done this to several Hispanic prisoners to deny them access to FSA Time Credits and prerelease transfer. At least one is currently before this District Court. <u>Rivera v. Wingfield</u>, 3:24-cv-00745-DPJ-ASH (pending) and <u>Pacheco v. Wingfield</u>, (filed on or about 1-9-2025) same issue).

<u>CONCLUSION</u>

The Bureau's actions validate every allegation in Mr. Sanchez's habeas complaint. The Bureau is trying to mitigate this by appearing to grant him all eligibility, but are refusing to release him in accordance with the law. All while they try to backdoor an Administrative Removal order and then re-deny him all his earned time credits. This is evident because if the Bureau was

acting in good faith—Mr. Sanchez would have been home on 12-18-2024 when they corrected his eligibility and because the math can be done by hand, they would have shown that his Time Credits made him past due for mandatory transfer to prerelease home confinement.

Mr. Sanchez asks this Court to enforce the law and order the Respondent to send him to prerelease home confinement immediately.

Respectfully submitted this 8 day of January 2025.

Jesus Sanchez-Ledesma
62773-298

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESUS SANCHEZ-LEDESMA, #62773-298,
                Petitioner,

v.                                      CIVIL ACTION NO. 3:24-cv-00604-CWR-LGI

WARDEN WINGFIELD, FCI YAZOO CITY LOW I,
                Respondent.

CERTIFICATE OF SERVICE
RESPONSE TO RESPONDENT'S REPLY

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 the foregoing is true and correct to the best of my knowledge and ability.

Further it was placed in the prison mailbox on __8__ day of __January__, 2025, pursuant to Houston v. Lack, 487 U.S. 266, 275, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) ("Under teh prison mailbox rule a prisoner's complaint is considered filed on the date he placed it in the prison mail system.")

Petitioner relies on the court's electronic delivery system to provide the Respondent a copy of this Reply and asks the court to provide the Petitioner a complete file-stamped copy to his current address.

Respectfully submitted,

_/s/ Jesus Sanchez-Ledesma_
Jesus Sanchez-Ledesma